```
                    IN THE UNITED STATES DISTRICT COURT

                         FOR THE DISTRICT OF OREGON

DANIEL DOAK WALKER,                                    CV. 07-1107-KI

                Petitioner,                            OPINION AND ORDER

        v.

BRIAN BELLEQUE,

                Respondent.
```

Thomas J. Hester
Assistant Federal Defender
101 S.W. Main Street, Suite 1700
Portland, Oregon 97204

    Attorney for Petitioner

John R. Kroger
Attorney General
Jacqueline Sadker
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorney for Respondent

KING, Judge

    Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus proceeding

1 -- OPINION AND ORDER

pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, the petition is denied as untimely.

## BACKGROUND

Petitioner was convicted of two counts of Arson in the First Degree in 1989.  Petitioner was sentenced as a dangerous offender to two consecutive 30-year terms of imprisonment, each with a 15-year minimum.  The Oregon Court of Appeals affirmed petitioner's conviction, without opinion, and the Oregon Supreme Court denied review.  State v. Walker, 102 Or. App. 522, 795 P.2d 124, rev. denied, 310 Or. 422 (1990).  The appellate judgment issued on December 4, 1990.

In 1990, petitioner sought state post-conviction relief. The post-conviction court denied relief, the Oregon Court of Appeals affirmed without opinion, and petitioner did not seek review by the Oregon Supreme Court.  Walker v. Maass, 115 Or. App. 758, 838 P.2d 1119 (1992).  The appellate judgment was entered on December 17, 1992.

In March, 2000, petitioner filed a successive petition for post-conviction relief which was dismissed on the state's motion. The Oregon Court of Appeals summarily affirmed, and the Oregon Supreme Court denied review.  The appellate judgment issued on April 3, 2003.  Resp. Exh. 139.  Petitioner filed this action on or about July 26, 2007.

///

2 -- OPINION AND ORDER

**DISCUSSION**

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year period of limitation applies to an application for a writ of habeas corpus filed "by a person in custody pursuant to the judgment of a State court."  State prisoners whose convictions became final prior to the enactment of the AEDPA, had a one-year grace period, until April 24, 1997, to file a federal habeas corpus petition.  <u>Bryant v. Arizona Atty. Gen.</u>, 499 F.3d 1056, 1059 (9th Cir. 2007); <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245 (9th Cir. 2001).

It is undisputed that petitioner's habeas petition is untimely because it was not filed on or before April 24, 1997. Petitioner argues that the limitation period should be equitably tolled because he was substantially impaired by a severe personality disorder that prevented him from acting to vindicate his federal constitutional rights.  In support of this contention, petitioner submits a *1988* pretrial psychological report, a *1989* pre-sentence investigation report, and multiple psychological evaluations opining that petitioner suffers from a personality disorder with narcissistic, paranoid, and passive-aggressive features rendering him a danger to the health and safety of the community.

The limitation period may be equitably tolled if the petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way.  <u>Pace v.</u>

3 -- OPINION AND ORDER

DiGuglielmo, 544 U.S. 408, 418 (2005); Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009), petition for cert. filed (July 9, 2009); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009); Roy v. Lampert, 465 F.3d 964, 969 (9th Cir. 2006), cert. denied, 549 U.S. 1317 (2007). The Ninth Circuit has recognized mental incompetence to be an extraordinary circumstance beyond a prisoner's control. Calderon v. U.S. Dist. Ct., 163 F.3d 530, 541 (9th Cir. 1997), overruled in part on other grds, Woodford v. Garceau, 538 U.S. 202 (2003).

The propriety of equitable tolling is a fact-specific inquiry which requires the petitioner to prove that the "extraordinary circumstance" was the cause of his late filing. Waldron-Ramsey, 556 F.3d at 1011; Ramirez, 571 F.3d at 997; Bryant, 499 F.3d at 1061; Roy, 465 F.3d at 969. Petitioner bears the burden of demonstrating that equitable tolling is appropriate. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005), modified on rehearing, 447 F.3d 1165 (2006), cert. denied, 549 U.S. 1317 (2007).

In the instant proceeding, petitioner did not file his federal habeas petition until over ten years after the limitation period expired. During this ten-year span, petitioner filed an administrative challenge to the denial of his release on parole, filed a successive state post-conviction proceeding, and filed a

4 -- OPINION AND ORDER

federal habeas petition raising an Apprendi claim.[1]  In light of his demonstrated ability to assert his rights in other state and federal proceedings, I conclude that petitioner has not shown that he was diligent in pursing his rights, or that his personality disorder was the cause in fact of his failure to timely file a habeas petition.  See Gaston, 417 F.3d at 1035 (concluding that petitioner's mental impairment not "extraordinary circumstance" in light of evidence that petitioner filed state court pleadings prior to expiration of limitations).

In so holding, it is also worthy of note that petitioner has been confined in the general prison population, and completed numerous therapeutic and educational programs during the one-year grace period and thereafter.  Moreover, petitioner has made no specific showing as to how his personality disorder prevented him from filing a timely habeas petition.

Based on the foregoing, I conclude that petitioner has failed to demonstrate that he was diligently pursuing his rights, and that his personality disorder rendered him unable to file a timely petition.  Accordingly, his petition is denied as untimely.[2]

---

[1] See Walker v. Palmateer, 01-864-MA.

[2] Because petitioner has not alleged facts which, if true, demonstrate his diligence, an evidentiary hearing is not warranted.  See Roy, 465 F.3d at 969 (petitioner entitled to evidentiary hearing if he makes good-faith allegation that would,

5 -- OPINION AND ORDER

## **CONCLUSION**

Based on the foregoing, petitioner's amended petition for writ of habeas corpus (#9) is DENIED as untimely, and this proceeding is DISMISSED.

IT IS SO ORDERED.

DATED this ___13th___ day of October, 2009.


                                                       /s/ Garr M. King
                                                   Garr M. King
                                                   United States District Judge

---

if true, entitled him to equitable tolling).

6 -- OPINION AND ORDER